Matter of Rodriguez (2021 NY Slip Op 04716)





Matter of Rodriguez


2021 NY Slip Op 04716


Decided on August 18, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LINDA CHRISTOPHER, JJ.


2019-11172

[*1]In the Matter of Jasmine Rodriguez, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Jasmine Rodriguez, respondent. (Attorney Registration No. 4436903)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 15, 2006. By decision and order upon the Court's own motion, dated June 2, 2020, the respondent was directed to show cause at a hearing before the Honorable Randall T. Eng, as Special Referee, pursuant to 22 NYCRR 1240.12(c)(3)(iii), why a final order of suspension, censure, or disbarment should not be made based on her July 20, 2012, conviction in the Circuit Court of Cook County, State of Illinois, following a trial, of resisting or obstructing a peace officer, firefighter, or correctional institution employee, in violation of 720 Illinois Compiled Statutes 5/31-1.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel) for petitioner.
Jasmine Rodriguez, Poplar Grove, Illinois, respondent pro se.



PER CURIAM.


OPINION & ORDER
After a hearing on September 16, 2020, the Special Referee filed a report dated December 23, 2020, in which he reported the mitigating and aggravating factors and concluded that the respondent had failed to meet her burden in establishing why this Court should not issue a final order of public discipline. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to confirm the report of the Special Referee, and for the imposition of such discipline upon the respondent as the Court deems appropriate. The respondent does not dispute the Special Referee's report and requests that the Court impose private discipline.
The Criminal Conviction 
On June 20, 2011, the respondent was arrested in Chicago, Illinois. On June 21, 2021, a misdemeanor complaint was filed charging her with three class A misdemeanors: battery, in violation of 720 ILCS 5/12-3(a)(2); aggravated assault, in violation of 720 ILCS 5/12-2(a)(1); and resisting or obstructing a peace officer, firefighter, or correctional institutional employee, in violation of 720 ILCS 5/31-1.
A bench trial was held on July 20, 2012. The respondent, represented by counsel, testified on her own behalf. At the conclusion of trial, the Honorable Peggy Chiampas, Judge of the Circuit Court of Cook County, State of Illinois, found the respondent guilty of resisting or obstructing a peace officer, firefighter, or correctional institutional employee, in violation of 720 ILCS 5/31-1. The remaining two charges were dismissed. On August 31, 2012, the respondent was sentenced to a one-year conditional discharge and directed to complete a mental health evaluation [*2]through the Social Services Department.
Thereafter, the respondent appealed her conviction, arguing that the evidence failed to establish beyond a reasonable doubt that the police officers conveyed an intent to arrest her, and thus she could not have known that she was resisting arrest. By order dated October 14, 2014, the Appellate Court of Illinois, First Judicial District (hereinafter the Illinois Appellate Court), affirmed the respondent's conviction, holding that she "was properly found guilty of resisting or obstructing a peace officer when she thrashed about and shifted her weight in various positions, knowingly preventing police officers from arresting her."
The Illinois Appellate Court, in upholding respondent's conviction, summarized the underlying facts, as follows:
"3. Officer David Valentin testified that on June 20, 2011, he was responding to a dispatch of a disturbance in the area of Wrightwood and Orchard in Chicago. Valentin spoke to Rachel Augustini, who stated that a Hispanic woman threatened to strike her with a purse and threatened her with a knife. Augustini's boyfriend, Andrell, was also on the scene. They told Valentin that the woman went to a church located at Deming and Orchard. Valentin proceeded to the church and observed defendant sitting on the church steps. Valentin was in uniform and arrived in a marked police car.
4. Yelling from about 10 feet away in the car, Valentin asked defendant for her name and whether things were okay with her. Defendant asked whether Valentin was going to arrest her and Valentin replied that he was not. Defendant then told Valentin 'F*** you, I ain't got to talk to you.' Valentin radioed for another assisting officer, and Officer Smitka arrived. Valentin and Smitka approached defendant to within three feet of her and "attempted to engage her in conversation" regarding the disturbance call the officer received. Defendant replied that unless Valentin was arresting her, she was not going to talk to him. The officers tried to talk to her again and defendant stated, 'F*** you, I ain't going to jail.' Augustini and Andrell then arrived and positively identified defendant as the person who threatened Augustini. After the identification, the officers tried to place defendant under arrest by asking her to 'step up and put her hands behind her back.' Defendant replied that she was not going to get up and was not going to jail. The officers 'attempted to control her by grabbing her arms,' while defendant was still seated, with Valentin grabbing her left arm and Smitka grabbing the right.
5. Valentin tried to place handcuffs on defendant but she began flailing her arms back and forth, thrashing about, moving her weight away from the officers. When Valentin placed a handcuff on defendant, she pulled away and shifted her weight such that Valentin's hand struck the stairs, causing a cut and bleeding from his right thumb. After about one minute of attempting to place defendant under arrest, the officers were able to handcuff defendant. The officers searched defendant and found a steak knife in her purse. Valentin did not document in the arrest report that he asked defendant to stand three times and she refused each time. Valentin also did not document in a report that defendant acted as 'dead weight' when he tried to place her in handcuffs.
6. Officer Mike Smitka testified that he arrived on the scene and approached Valentin and defendant. He heard Valentin ask defendant her name and defendant asked whether Valentin was going to arrest her. Valentin asked defendant's name again, and defendant replied again with profanity and told Valentin to arrest her. Defendant also told the officers not to touch her. The officers tried to get defendant to stand, but she locked her arms in front of her. The officers leaned in to try to get defendant to stand but defendant 'started moving her body back and forth, shifting and rolling away from [them], pulling and pushing her body. [They] were attempting to get her arms to put them behind her back so [they] could put the handcuffs on her.' Both officers fell forward and Valentin hit his hand on the concrete, scraping his hand. Ultimately, the officers handcuffed defendant and recovered a knife from her purse."
[*3]Findings and Conclusion 
We find that the Special Referee properly concluded that the respondent failed to meet her burden of establishing why this Court should not issue a final order of public discipline. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, we find that in addition to the troubling conduct leading to her arrest and conviction, the respondent's lack of remorse for her actions and her knowing failure to advise the Court of her conviction as required are aggravating factors.
Under the totality of the circumstances, the respondent is publicly censured.
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHRISTOPHER, JJ., concur.
ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Jasmine Rodriguez, is publicly censured for her professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court